[No. 17511. Department One. January 25, 1923.]

J. HUBBELL, *Appellant*, v. B. F. CANTONWINE *et al.*,
*Defendants*, HENRY HAYS, *Respondent*.[1]

AGRICULTURE (5)—LABORER'S LIENS—RIGHT TO LIEN—STATUTES—CONSTRUCTION. A laborer's lien on crops extends to any crops raised on the farm during the year, under Rem. Comp. Stat., § 1188, giving to any person who shall labor in tilling any farm or land or upon any crops sown, raised or threshed thereon during the year, a lien "upon such crops as shall have been raised upon all or any of such land."

SAME (8)—LABORER'S LIEN—PRIORITIES. A farm laborer's lien of one who tills the soil, under Rem. Comp. Stat., § 1188, is of equal rank with liens for harvesting the grain, under Id., § 1189, which provides that the liens given by § 1188 are prior to any other liens "except that the interest of any lessor" in any portion of a crop raised on shares shall not be subject to the lien.

Appeal from a judgment of the superior court for Walla Walla county, Mills, J., entered June 23, 1922,

[1]Reported in 212 Pac. 176.

dismissing an action to foreclose a laborer's lien, tried to the court. Reversed.

*John C. Hurspool,* for appellant.

BRIDGES, J.—The plaintiff has appealed from a judgment dismissing his action to foreclose his farm laborer's lien.

The facts, which are stipulated, are that, during the years 1920 and 1921, the defendant Cantonwine was engaged in farming certain lands in eastern Washington, belonging to one Pettyjohn, and one Ellerau, which lands he held under two separate leases. In the year 1921, that portion of the land which belonged to Ellerau was in wheat and the Pettyjohn land was in stubble, to be plowed in the spring of 1921 for a crop in 1922, excepting that, on the last named land, a small portion thereof was sown to barley in 1921. Cantonwine used these two tracts of land as one farm. He employed the appellant to plow this stubble land at an agreed price of $615. The plowing was done, but no part of the agreed price was paid except $170, thus leaving unpaid $445. In May, 1921, the appellant filed his claim of lien upon the crop of wheat which at that time was growing on that part of the land leased from Ellerau, and also on the crop of barley then growing on that portion of the land leased from Pettyjohn. The intervener and respondent, Hays, later harvested the crops of wheat and barley, such having been done at the request of Cantonwine, and not having been paid, claimed a lien on both. It was further stipulated that none of the work performed by the plaintiff was done upon either the wheat or the barley crop, nor upon the land where they were grown, but was done on the remainder of the land, preparing it for the crop of 1922. The court foreclosed the lien of

the intervener, but dismissed the action of the plaintiff because, under the statute, he was not entitled to a lien under the facts stipulated.

The statute, being Rem. Comp. Stat., § 1188, reads as follows:

"Any person who shall do labor upon any farm or land, in tilling the same or in sowing or harvesting or threshing any grain, as laborer, contractor, or otherwise, or laboring upon, or securing or assisting in securing or housing any crop or crops sown, raised, or threshed thereon during the year in which said work or labor was done, such person shall have a lien upon such crops as shall have been raised upon all or any of such land, for such work or labor. . ."

The exact question is, is one who tills a portion of a farm which is to be sown to grain during the year following his work entitled to a lien on the grain grown on another portion of the farm during the year in which he performed the work, but upon which portion he has not labored. The lower court, in a memorandum opinion, said: "It seems clear that it was the intention of the legislature that any person who shall do labor upon any farm or land in tilling the same shall have a lien for such labor upon such crops as shall have been raised upon any or all of such land *as he has tilled* during the year in which the crop is produced, but beyond that a reasonable construction of the statute cannot go." His location gives the learned trial judge such opportunity for superior knowledge on questions of this character that it is with hesitancy that we come to a conclusion contrary to that reached by him.

It is commonly understood that it is customary, particularly on the farms of eastern Washington, to raise wheat during one year on a part of the farm and summer fallow the other portion during that year, preparing it for the crop for the succeeding year.

If we eliminate from the statute those portions which are inapplicable to this particular case, it will read as follows:

"Any person who shall labor upon any farm or land in tilling the same. . . shall have a lien upon such crops as shall have been raised upon all or any of such land for such work or labor."

The word "land" at the end of the clause refers back to "farm or land" in the first portion of the section, consequently, the section should be construed as reading that "any person who shall labor upon any farm or land in tilling the same . . . shall have a lien upon such crops as shall have been raised upon all or any of such farm or land . . ." This would seem to mean that anyone who tills any part of a farm is entitled to a lien on any crops raised on any part of that farm. To give the statute the construction given by the trial court, we must, as he did, read into it the idea that the lien is only on such part of the farm as the claimant has tilled. To so construe it would be, it seems to us, to eliminate or make meaningless the words "upon all or any of such lands," found in the statute. If the view of the trial court is right as to one who tills, it must also be right as to one who harvests, and we would then give one who harvests a lien only on such portions of the crop of the farm as he has helped harvest. If he has helped harvest ten acres of a sixty-acre field, his lien would cover only that portion of the crop grown on the ten acres. It seems to us such a construction would make the statute impracticable and contrary to the idea expressed in it. To so construe it might be to deprive appellant of any lien at all, because no crop would be raised on the part of the farm he has worked on "during the year in which such work or labor was done."

It is our idea that it was the intention of the legislature to give a lien on any crops raised on any part of a farm for any tilling of any portion of that farm.

There is also in this case the question of priority of liens. Section 1189, Rem. Comp. Stat., provides that:

"The liens provided for in the last section are preferred liens, and are prior to any other liens or encumbrance upon said crop or crops, except that the interest of any lessor in any portion of the crop raised where the premises are leased in consideration of a share of the crop raised, shall not be subject to such lien."

Under this section, it is our view that the lien provided for on account of tilling the soil is of equal rank with liens for work in harvesting the grain.

The section which we have been trying to construe is very difficult to harmonize, and it seems to us that legislative action clearing away some of the uncertainty in it would be of great advantage.

The judgment is reversed, and the cause remanded for action in accordance herewith.

PARKER, MACKINTOSH, HOLCOMB, and MITCHELL, JJ., concur.